[Civ. No. 21874.   Second Dist., Div. One.   Oct. 23, 1957.]

WALTER M. BRIGGS, Appellant, v. THE CITY OF LOS ANGELES et al., Respondents.

Gitelson, Coyle, Cooper & Savitch, Alfred Gitelson and Leon Savitch for Appellant.

Roger Arnebergh, City Attorney, Donald M. Redwine, Assistant City Attorney, and Eugene J. Didak, Deputy City Attorney, for Respondents.

DORAN, J.—This is a proceeding, brought by way of a petition for writ of review and writ of prohibition, to review the action of the board of police commissioners of the respondent city in suspending for one week petitioner's police permit to conduct an automobile parking lot at 630 South Hill Street in Los Angeles.

The trial court found against petitioner's contentions, basing its decision upon conclusions that the board had not proceeded without or in excess of jurisdiction; that petitioner had been accorded a fair hearing; that there was no abuse of discretion, and that section 26.03 of the Los Angeles Municipal Code regulating parking lots where more than eight automobiles are parked, is constitutional.

On April 5, 1955, a complaint was filed with the board of police commissioners seeking to deny appellant's 1955 application for renewal of the parking lot permit, charging the appellant with having committed many violations of the municipal code. These violations related to the moving of vehicles on and off the lot for maneuvering purposes, and the parking of vehicles in St. Vincent Court, a dead-end street at the rear of the parking lot.

At the hearing there was testimony by police officers in respect to such violations. One officer testified to a conversation with one of appellant's attendants in which the latter gave as the reason for cars being moved off the lot and out into the street, "We are a little crowded for space." Appellant Briggs testified that the parking business in question involves a rental of $60,000 per year for a parking lot with a 41-car capacity, and that the business was operating at a loss of $700 per month.

The hearing officer found that the witnesses were truthful; that there was "conclusive" evidence of 20 violations on one day and 35 violations on another day; and that appellant was familiar with the code sections involved. The board of police commissioners, after hearing oral arguments, suspended appellant's permit for the space of one week.

Section 26.03 of the Los Angeles Municipal Code, providing for the control and regulation of automobile parking lots, defines such a lot as any "single parcel of land under single management or control where more than eight motor vehicles are kept, stored or parked within or without a building, for a consideration, at any one time." Certain exemptions not here involved, are specified. It is provided that any permit issued for such a parking lot "may be suspended or revoked after due notice and opportunity for a hearing has been given . . . whenever the Board shall find: (1) that the permittee has violated or caused, permitted or encouraged the violation of any provision of this section, or of any rule or regulation of the Board adopted by virtue of this section," and for other specified reasons.

Section 26.03 (k) provides that "Neither the permittee, his agents or employees shall drive, park, stand, stop or store any vehicle parked or stored in any such parking lot on, upon or across any public street, public sidewalk, public alley or other public place, or drive or move any vehicle parked or stored in any automobile parking lot, except within the property lines of such automobile parking lot."

It is the appellant's contention that section 26.03(k) is unconstitutional in that: (1) the ordinance is beyond the police power of the city; (2) that there is an unreasonable classification between those who park more than eight automobiles at a time for a consideration, and those who park fewer automobiles and who do not charge a direct consideration or are members of the exempt classes; (3) that the ordinance unreasonably regulates the operation of such parking lots and impairs the right to contract; and (4) that subdivision (k) is in conflict with the general state law and denies to the operator the right to drive on the highways.

An examination of the ordinance in question and the various authorities dealing with regulatory measures and the constitutionality thereof, leads to the conclusion that the present ordinance is not subject to any of the objections raised; that it is a justifiable, police regulation of which appellant may not complain.

There can be no question but that a municipality has the power to regulate useful businesses which by their nature are affected with a public interest. (*State Board of Dry Cleaners* v. *Thrift-D-Lux Cleaners,* 40 Cal.2d 436 [254 P.2d 29].) If such a regulation be not unreasonable, it must be upheld by the courts. And the rule is well established

that all presumptions favor the validity of a statute, and likewise, of an ordinance.

As argued in the respondents' brief, the ordinance here under discussion appears to be a reasonable and valid exercise of the police power, "regulating the operation of commercial parking lots so as to confine their operations to private property. Nowhere does it deny the parking lot operator his privilege of driving on the highways. . . .

"The ordinance here under attack is not a traffic regulation. It is a regulation of a commercial enterprise affected with a public interest."

Nor can it be properly said that the regulation is based upon an unreasonable classification because applying to parking lots "where more than eight motor vehicles are kept, stored or parked." The determination of a class based upon size, number of units, volume or capacity has frequently been upheld.

An example of such classification is found in *Gillum* v. *Johnson*, 7 Cal.2d 744, 759 [62 P.2d 1037, 63 P.2d 810, 108 A.L.R. 595], where the reviewing court says, "It is well established that the matter of classification is primarily one for legislative determination and no argument has been advanced which would compel the conclusion that in its taxing features the classifications laid down are so arbitrary or unreasonable as to require judicial condemnation. This conclusion must especially apply to classifications under the state act, namely, those engaged in employment where the industry or business engages eight or more employees. It was deemed necessary to draw the line somewhere in order that the plan be not too cumbersome or unwieldy."

The appellant's other contentions are equally untenable. The ordinance is not objectionable as impairing the right to contract. As said in 11 California Jurisprudence 2d 677, "The constitutional principle of inviolability of contracts is subject to the one great qualification that contractual rights, like all other forms of property, are held subject to the exercise of police power."

Nor is the ordinance in conflict with any general state law. As stated in respondents' brief, "This is a case in which the city has established a comprehensive scheme to regulate a business which is unregulated by the state." As hereinbefore noted, the ordinance is not a traffic regulation, and its provisions are neither unreasonable nor discriminatory.

The record shows that the trial court properly viewed the record of the proceedings before the board of police commissioners, and that its decision is based upon proper jurisdiction, fair trial and a proper exercise of discretion.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied November 18, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 17, 1957. Carter, J., was of the opinion that the petition should be granted.